equally admits of the general sense. The argument for the narrower interpretation, comes to this, that the words "master and other officers" are used in contradistinction to "crew" in the clause. But I think, that they are used merely as descriptive of the offenders, and that the word "crew" is used, not in contradistinction to "officers," but in contradistinction to other persons who might be on board, as passengers, or as mere strangers. The argument reads the clause as if it were, "If any master or other officer shall beat, wound, or imprison any of the rest of the crew, or any others of the crew, not an officer." Now, I am not prepared to say that this is the true reading. The more natural construction is, "If any master or other officer shall beat, wound, or imprison any other of the crew," if we must interpolate a word, to express the full sense.

Upon the whole, after much deliberation upon the subject, I adhere to the construction which was stated to the jury at the trial. I think the word "crew" was intended to include the officers, as well as the common seamen; and that the section uses the word as equivalent to ship's company. In this view, it is used in the same sense as it is in the first and second sections of the act; and for purposes equally important to the due protection of all engaged in the maritime service, and equally necessary for the safety and security of the voyage.

## Case No. 16,741.

UNITED STATES v. WINSLOW (two cases).

[2 Cranch, C. C. 47.]¹

Circuit Court, District of Columbia. June Term, 1812.

### FORGERY OF BANK NOTES.

Forgery of the note of a private, unchartered bank, may be punished under the Maryland act of 1799, c. 75, § 1. So also the forgery of the notes of chartered banks.

The indictment against Thomas Winslow was for counterfeiting and passing a note of the Bank of Potomac, a private, unchartered bank. The prisoner pleaded guilty, and being recommended to mercy by the bank, in consequence of disclosures as to other offenders, THE COURT sentenced him to six months' imprisonment, to pay a fine of 100 dollars, and to stand committed until the fine and costs should be paid. This sentence was under the Maryland act of 1779, c. 75, § 1.

The indictment against Mark Winslow was for forging the bank-notes of chartered banks, namely, the Farmers' Bank of Alexandria and the Bank of Virginia, with intent to defraud those banks. THE COURT passed a like sentence.

¹ [Reported by Hon. William Cranch, Chief Judge.]

## Case No. 16,742.

UNITED STATES v. WINSLOW.

[3 Sawy. 337;¹ 7 Chi. Leg. News, 298.]

District Court, D. Oregon. May 7, 1875.

INDICTMENT FOR SELLING LIQUOR TO INDIANS—OREGON—INDIAN COUNTRY—INDICTMENT—UNCERTAINTY.

1. In an indictment under section 2139 of the Revised Statutes for disposing of spirituous liquors to an Indian, it is necessary to allege that the defendant is not an "Indian in the Indian country."

2. The exception in said section, "an Indian in the Indian country," does not apply to the offense, but only to the person who may commit it.

3. Section 5 of the act of June 5, 1850 (9 Stat. 437), making Oregon Indian country, so far as the disposition of spirituous liquors to Indians is concerned, is not repealed by section 5596 of the Revised Statutes.

4. An allegation in an indictment that the defendant did the act charged "on or about" a certain day is void for uncertainty; it does not show but that the action is barred by lapse of time.

[Cited in Conroy v. Oregon Const. Co., 23 Fed. 73.]

Rufus Mallory, for plaintiff.
John M. Gearin, for defendant.

DEADY, District Judge. The indictment in this case charges that the defendant [Mark Winslow], on or about February 1, 1875, in the county of Yamhill and state of Oregon, did dispose of spirituous liquors to one Bill, an Indian who resides upon the Grande Ronde Indian agency, who was then and there, and is now under the charge of P. B. Sinnott, an Indian agent appointed by the United States, contra formam statuti, etc. The defendant demurs to the indictment because (1) it does not state facts sufficient to constitute a cause of action, and (2) the allegation as to time is uncertain and void.

The material part of the statute under which the indictment was found reads as follows: "Every person except an Indian, in the Indian country, who sells, exchanges, gives, barters or disposes of any spirituous liquors or wine to any Indian under the charge of any Indian superintendent or agent * * * shall be punishable," etc. Rev. St. § 2139.

Under the first cause of demurrer it is maintained that the indictment should have contained an allegation to the effect that the defendant was not "an Indian in the Indian country," and that without such allegation, negativing this exception in the statute, no violation of it is alleged.

In answer to this, the district attorney assumes that the state of Oregon is not Indian country, and therefore it is impossible that the defendant could come within the exception; which obviates the necessity of negativing it in the indictment.

¹ [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]